UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

CARL DAVID JONES and
VIRGINIA LEA JONES                                          CASE NO. 09-60951

DEBTORS

MAXIE E. HIGGASON, JR.                                      PLAINTIFF

v.                                                          ADV. NO. 09-6075

KENTUCKY EMPLOYEES CREDIT UNION
CARL DAVID JONES
VIRGINIA LEA JONES                                          DEFENDANTS

## MEMORANDUM OPINION

This matter having come before the Court on Order Submitting Matter for Opinion and Decision and Withdrawing Trial Date (DOC 29), the Court hereby issues this Memorandum Opinion.

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(k).

The Trustee seeks to void a security interest of Kentucky Employees Credit Union under 11 U.S.C. § 544 and 11 U.S.C. § 547 arguing that Kentucky Employees Credit Union's security interest is unperfected. Thus the sole issue is whether Kentucky Employees Credit Union's security interest is perfected.

Facts.

In 2000, debtors purchased a 2000 Fleetwood Stoneridge mobile home and obtained financing through an entity known as Bombardier Capital.

On April 10, 2003, the financing with Bombardier Capital was replaced by a new loan with Kentucky Employees Credit Union for the

mobile home and lot.

On April 16, 2003, a mortgage instrument was filed listing Kentucky Employees Credit Union as the secured party.

No certificate of title was ever issued for the mobile home listing Kentucky Employees Credit Union as a secured party.

The mobile home was never permanently affixed to the real estate of the debtors by way of title surrender and affidavit of permanent affixation.

<u>Conclusions of Law</u>. Under Kentucky law, notation on certificate of title is sole means of perfecting a lien on a mobile home to the extent that mobile home has not been affixed to real property. A mobile home becomes a part of the permanent real estate by filing an affidavit of conversion to real estate and surrendering the certificate of title. *See* <u>PHH Mortgage Services v. Higgason</u>, 345 B.R. 584 (E.D. Ky. 2006).

Here, no certificate of title was ever issued for the mobile home listing Kentucky Employees Credit Union as a secured party, and the mobile home was never permanently affixed to the real estate of the debtors by way of title surrender and affidavit of permanent affixation. Thus Kentucky Employees Credit Union's security interest is unperfected, and may be voided by the Trustee.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law. A separate order granting judgment to the Plaintiff shall be entered.

COPIES TO:

Maxie E. Higgason, Jr., Esq.

```
Jamie L. Harris, Esq.
Eugene E. Siler, III
```

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:
*Joseph M. Scott, Jr.*
Bankruptcy Judge
Dated: Thursday, December 10, 2009
(jms)**